# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TIMOTHY VAUGHAN,** | ) | **CIVIL ACTION NO. 2:23-cv-1096** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **IZMO, INC. d/b/a iZMOCARS,** | ) | |
| | ) | |
| **Defendants.** | ) | **JURY TRIAL DEMANDED** |

## COMPLAINT

## I.    PRELIMINARY STATEMENT

By this action, Plaintiff, Timothy Vaughan, seeks wage loss and liquidated damages, costs, attorneys' fees, pre and post-judgment interest because iZmo, Inc. d/b/a iZmocars discriminated against him due to his age, a violation of Age Discrimination in Employment Act of 1967, 29 U.S.C. § 623(a) ("ADEA").

## II.    JURISDICTION

1.    This Court has jurisdiction of this matter by virtue of 28 U.S.C. § 1331, in that this is a civil action wherein the matter in controversy arises under the laws of the United States.

2.    Venue is proper in this judicial district under 28 U.S.C. § 1391(b), in that this is a civil action in which jurisdiction is not founded solely on diversity of citizenship, and the acts constituting a substantial part of the events and omissions giving rise to the claims occurred in the Western District of Pennsylvania.

3.    On November 1, 2022, Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission (hereinafter "EEOC") against the Defendant, alleging

age discrimination and retaliation. Plaintiff's Charge was dual-filed with the Pennsylvania Human Rights Commission (hereinafter "PHRC").[1]

4.     The EEOC issued a Notice of Right to Sue Letter to Plaintiff on March 23, 2023. This Complaint has been filed within ninety (90) days of the Plaintiff's receipt of the letter, thus making this action timely.

### III.     PARTIES

5.     Plaintiff is Timothy Vaughan (hereinafter "Mr. Vaughan"), an adult individual who resides at Dorchester Dr. Apt. #209 Pittsburgh, PA 15241.

6.     Defendant iZmo, Inc. d/b/a iZmocars (hereinafter "iZmocars") is a foreign corporation located at 251 Post Street, Suite 302, San Francisco, CA 94108.

7.     Defendant employs more than 20 employees.

8.     At all relevant times, iZmocars is an employer within the definition of ADEA.

9.     At all relevant times, Mr. Vaughan was an employee of iZmocars within the definition of ADEA.

### VI.     STATEMENT OF CLAIM

10.     On or about November 12, 2021, Mr. Vaughan began working at iZmocars as a Regional Sales Manager for OH, VA, Western PA, and DC.

11.     Mr. Vaughan has approximately thirty (30) years in the automotive sales industry.

12.      Mr. Vaughan was 57 years old at all relevant times to this action.

13.     Mr. Vaughan was recruited by Kevin Lopez to work at iZmocars.

14.     Mr. Lopez and Mr. Vaughan had worked together in the past.

---

[1] Once the administrative requirements have been exhausted, Plaintiff intends to amend this Complaint to include two additional counts under the PHRA.

15.     In or around late October or early November 2021, Mr. Vaughan interviewed with Mr. Lopez and the interview went well.

16.     Mr. Lopez recommended that Mr. Vaughan interview with Chris Dulla, the Vice President, and Tej Soni, the Owner of iZmocars.

17.     Mr. Dulla was Mr. Lopez's supervisor.

18.     On or about late October or early November 2021, Mr. Vaughan interviewed with Mr. Dulla and Mr. Soni.

19.     Mr. Vaughan learned after the interview that Mr. Dulla did not want to hire him because of his age.

20.     However, Mr. Vaughan impressed Mr. Soni during the interview and was recommended by Mr. Lopez.

21.     iZmocars hired Mr. Vaughan.

22.     After Mr. Vaughan was hired, he did not report to Mr. Soni.

23.     Mr. Vaughan worked hard and was generally a good employee.

24.     Mr. Vaughan was the oldest sales representative by at least ten years.

25.     Mr. Dulla on a consistent and regular basis made comments about Mr. Vaughan's age to Mr. Vaughan, Mr. Lopez, and other employees including but not limited to:

      a.    Referring to Mr. Vaughan as the "oldest rep" or the "old rep."

      b.    Telling Mr. Vaughan he was the "oldest rep" and telling the team how to sell.

      c.    Calling Mr. Vaughan the "old man on the block."

      d.    Told Mr. Vaughan to show the younger sales reps what to do.

26.     Mr. Dulla treated Mr. Vaughan differently than the younger sales representatives.

27.    Mr. Dulla wanted to hire a younger sales representative to replace Mr. Vaughan and started a campaign to force Mr. Vaughan to either quit or be fired.

28.    Mr. Dulla took away Mr. Vaughan's most lucrative markets but did not adjust Mr. Vaughan's sales goals in response to removing part of his market.

29.    On or about June 1, 2022, Mr. Dulla issued Mr. Vaughan a written warning (hereinafter "Written Warning") for performance even though Mr. Vaughan was hitting his yearly sales goals. Other younger representatives were not disciplined even though they did not hit their sales goals.

30.    The Written Warning was not a final written warning.

31.    In the Written Warning, Mr. Vaughan was tasked with visiting 5-8 dealerships per month and setting up new appointments.

32.    After issuing the Written Warning, Mr. Dulla revoked Mr. Vaughan's ability to travel to visit current, new, and potential dealership clients. Revoking Mr. Vaughan's ability to travel made it impossible for him to visit 5-8 dealerships per month.

33.    Mr. Dulla made it impossible for Mr. Vaughan to complete the goals in the Written Warning.

34.    On or about June 29, 2022, Mr. Lopez sent an email to the sales team outlining where each team member stood regarding sales numbers for the year which were as follows:

       a.   C.N. who met 147% of their sale goal for the year.

       b.   L.N. who met 91% of their sale goal for the year.

       c.   M.S. who met 75% of their sale goal for the year.

       d.   P.H. who met 63% of their sale goal for the year.

e. **Mr. Vaughan who met 54% of his sale goal for the year. As it was June, Mr. Vaughan was on track to complete his sales goal.**

f.   K.L. who met 46% of their sale goal for the year.

g.   S.J. who met 45% of their sale goal for the year.

h.   J.Y. who met 39% of their sale goal for the year.

i.   D.A. who met 12% of their sale goal for the year.

j.   K.L., S.J., J.Y., and D.A. are all younger than Mr. Vaughan.

35.    Mr. Vaughan fell squarely in the middle of sales representatives.

36.    In or around June 2022, Mr. Vaughan informed Mr. Lopez and Mr. Dulla that he had several potential sales that were expected to close in July 2022. The expected sales would have put Mr. Vaughan over his sales goals for the year.

37.    On or about July 5, 2022, a mere two business days after the June 29, 2022 email and Mr. Vaughan's disclosure regarding the upcoming sales, Mr. Dulla fired Mr. Vaughan for failing to meet his sales goals.

38.    Mr. Lopez informed Mr. Vaughan that he did not support the termination.

39.    After iZmocars fired Mr. Vaughan, they hired several significantly younger sales representatives to replace Mr. Vaughan.

40.    The age discrimination and retaliation Mr. Vaughan suffered while working for Defendant affected his self-esteem and caused him severe emotional distress.

## V.    CLAIMS FOR RELIEF

### COUNT I – Violation of Age Discrimination in Employment Act - Termination

41.    Plaintiff incorporates by reference the averments contained in all preceding paragraphs as if fully set forth herein.

42.    Plaintiff is over the age of 40.

43.    Defendant has intentionally and willfully engaged in a series of unlawful acts in discriminating against Plaintiff with respect to compensation, terms, conditions, or privileges of employment in violation of the ADEA, 29 U.S.C. § 623(a).

44.    Defendant's decision to discriminate against Plaintiff on the basis of his age, as evidenced by, among other things, favorable treatment of younger, less qualified individuals.

45.    Defendant altered the terms and conditions of Plaintiff's employment because of his age.

46.    Plaintiff has been directly harmed as a result of Defendant's violations as is fully set forth above.

### COUNT II - Violation of Age Discrimination in Employment Act Retaliation

47.    Plaintiff incorporates by reference the averments contained in the previous paragraphs as if set forth fully herein.

48.    Defendant intentionally retaliated against Plaintiff because of his good faith complaint of age discrimination, in violation of the ADEA, 29 U.S.C. § 623(a).

49.    Defendant's decision to issue Plaintiff a poor performance plan and otherwise harass Plaintiff was induced by its intent to retaliate against Plaintiff.

50.    Plaintiff has been directly harmed as a result of these violations as is fully set forth above.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Honorable Court will:

(a) Assume jurisdiction herein;

(b) Declare Defendant's conduct to be unlawful and an intentional violation of Plaintiff's rights;

(c) Award Plaintiff wage loss damages, including back pay and front pay, damages associated with the increased tax burden of any award, and lost fringe and other benefits of employment;

(f) Award Plaintiff pre and post-judgment interest;

(g) Award Plaintiff costs and attorneys' fees; and

(h) Grant such other relief as the Court deems just and appropriate.

Respectfully Submitted,


_/s/ Rachel L. McElroy_
Rachel L. McElroy, Esq.
PA ID No. 321624

McElroy Law Firm, LLC
100 First Ave., #1010
Pittsburgh, PA 15222
Phone: 412-620-8735
rachel@mcelroylawfirm.com

Attorney for Plaintiff